UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WILLIAM L. McGHEE,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:18-cv-212

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

_____

**REPORT AND RECOMMENDATION[1] THAT: (1) THE NON-DISABILITY FINDING AT ISSUE BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR AN IMMEDIATE AWARD OF BENEFITS; AND (3) THIS CASE BE CLOSED**
_____

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court on Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 12), Plaintiff's reply (doc. 13), the administrative record (doc. 5),[2] and the record as a whole.

**I.**

**A.    Procedural History**

Plaintiff filed for SSI on September 23, 2008 claiming disability as a result of a number of alleged impairments including, *inter alia*, sciatica, bilateral carpal tunnel syndrome, major depressive disorder, and an antisocial personality disorder. PageID 608.

After an initial denial of his application, Plaintiff received a hearing before ALJ Roy J. Richardson on September 27, 2010. PageID 55-62. The ALJ issued a written decision on October 27,

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

2010 finding Plaintiff not disabled. PageID 52-62. ALJ Richardson's opinion was ultimately remanded by this Court on November 20, 2013 for further proceedings. *McGhee v. Comm'r of Soc. Sec.*, No. 3:12-cv-320, 2013 U.S. Dist. LEXIS 165150 (S.D. Ohio Nov. 20, 2013).

On remand, Plaintiff received a second administrative hearing before ALJ Elizabeth A. Motta on October 29, 2014. PageID 752. ALJ Motta issued a written decision on May 15, 2015 again finding Plaintiff not disabled. PageID 771. Upon Plaintiff's request for review, the Appeals Council vacated ALJ Motta's non-disability decision and remanded his claim for further assessment of a consulting physician's medical opinion. PageID 781-83.

For a third time, on April 12, 2017, Plaintiff received an administrative hearing -- before ALJ Mark Hockensmith -- who issued a written opinion on July 20, 2017 also finding Plaintiff not disabled. Specifically, ALJ Hockensmith found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[3] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 43-50.

Thereafter, the Appeals Council denied Plaintiff's request for review, making ALJ Hockensmith's non-disability finding the final administrative decision of the Commissioner. PageID 29-31. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007). This July 20, 2017 non-disability finding by ALJ Hockensmith (hereinafter "ALJ") is now before the court for review.

---

[3] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 416.967(b). Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 416.967(a).

## B. Evidence of Record

The evidence of record is adequately summarized in the ALJ's decision (PageID 608-27), Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 12), and Plaintiff's reply (doc. 13). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

B. **"Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

In his Statement of Errors, Plaintiff argues that the ALJ erred in (1) evaluating the opinion of his treating physician; (2) evaluating the opinion of the state agency's reviewing physician; and (3) evaluating the opinion of the state agency's examining psychologist. Doc. 8 at PageID 1384-1401.

Finding grounds for reversal on Plaintiff's third assignment of error, the undersigned need not address the remaining arguments.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*. Under the regulations then in effect, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 416.927(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 416.927(c).[4]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

---

[4] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 416.927. *Id*.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 416.927(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

## IV.

State agency examining psychologist, Ty Payne, Ph.D., examined Plaintiff on March 26, 2008. PageID 389. Dr. Payne concluded that Plaintiff would be "moderately" to "markedly"[5] impaired in both "his ability to relate to others, including fellow workers and supervisors," and in his ability to concentrate "as necessary for normal employment…due to concentration problems associated with his depression as well as memory problems." PageID 389-95. Finally, Dr. Payne opined that Plaintiff's "stress tolerance skills are markedly impaired. He is easily irritated, depressed, becomes angry easily, and has antisocial characteristics." *Id.*

This case was remanded to the ALJ by the Appeals Council because the prior administrative decision did "not contain an adequate evaluation of the…opinion by consultative examiner Ty Payne, Ph.D." PageID 781. As such, the ALJ was instructed to evaluate the opinion "pursuant to the provisions of 20 CFR § 416.926 and Social Security rulings 96-2p and 96-5p." PageID 782. On remand, the ALJ determined Dr. Payne's opinion was "entitled [to] little weight."

---

[5] Whereas "mild" and "moderate" functional limitations are generally considered "non-disabling," *see Sims v. Comm'r of Soc. Sec.,* 406 F. App'x 977, 980 (6th Cir. 2011), "marked" and "extreme" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 416, Subpt. P, App. 1 § 12.00(C); *Lankford v. Sullivan*, 942 F.2d 301, 307 (6th Cir. 1991).

The undersigned finds multiple reversible errors in the ALJ's analysis of Dr. Payne's opinion. As a preliminary matter, the ALJ failed to consider Dr. Payne's opinion under any of the enumerated factors listed in 20 C.F.R. § 416.927. PageID 626. Such an omission contravenes the explicit instructions of the Commissioner's own regulations and rulings, [6] which require the ALJ to weigh the opinions of non-treating physicians under the delineated factors, including supportability, consistency, and specialization. *See* 20 CFR §§ 416.927(d), (f); Social Security Ruling 96-6p, 1996 SSR LEXIS 3, at *5. This error alone merits reversal. *Capps v. Astrue*, No. 3:11-cv-182, 2012 U.S. Dist. LEXIS 58281, at *24-25 (S.D. Ohio Apr. 26, 2012) (finding reversible error where the ALJ failed to mention the regulatory factors, including supportability, consistency, and specialization); *Broyles v. Astrue*, No. 3:11-cv-179, 2012 U.S. Dist. LEXIS 70150, at *22-23 (S.D. Ohio May 21, 2012) (same); *Heatherly v. Astrue*, No. 3:11-cv-438, 2012 U.S. Dist. LEXIS 162638, at *25-26 (S.D. Ohio Nov. 14, 2012) (reversing where "[t]he ALJ's decision neither considers nor mentions the supportability or consistency of [the examining physician's] opinion and does not refer to any other factor, when discussing this physician's opinion").

Instead, the ALJ erroneously discredited Dr. Payne's opinion based on aspects of Plaintiff's daily living that he determined were inconsistent with Dr. Payne's suggested limitations. PageID 626; *Ogg v. Comm'r of Soc. Sec.*, No. 2:14-cv-987, 2015 U.S. Dist. LEXIS 92621, at *15 (S.D. Ohio July 16, 2015) (finding error where the ALJ mistakenly equated Plaintiff's ability to engage in minimal activities of daily living with an ability to work on a full-time basis); *Barnhorst v.*

---

[6] The undersigned also notes that it directly contradicts the Appeals Council's Remand Order as well. *See Masters v. Comm'r of Soc. Sec.*, No. 3:17-cv-354, 2019 U.S. Dist. LEXIS 60592, at *11-12 (S.D. Ohio Apr. 9, 2019) (quoting *Kaddo v. Comm'r of Soc. Sec.*, 238 F. Supp. 3d 939, 944 (E.D. Mich. 2017) ("[T]he failure by an ALJ to follow a remand order... can constitute a reversible error in federal court. This holds true regardless of whether substantial evidence otherwise supports the Commissioner's final decision")).

*Comm'r of Soc. Sec.*, No. 1:10-cv-526, 2011 U.S. Dist. LEXIS 96079, at *48 (S.D. Ohio Aug. 5, 2011); *Keith v. Colvin*, No. 3:14-cv-02261, 2016 U.S. Dist. LEXIS 21811, at *10-12 (M.D. Tenn. Feb. 23, 2016). Specifically, the ALJ found that Plaintiff's criminal theft record "supports the capacity to get along with others" because he was "with friends when this occurred." *Id.* It is less than clear to the undersigned how committing a robbery -- antisocial behavior by nature -- could ever constitute supportive evidence of a person's ability to engage with others in the context of full-time employment. Thus, the ALJ erred in failing to provide a "logical bridge" between the evidence and the result. *Bledsoe v. Comm'r of Soc. Sec.*, No. 1:09-cv-564, 2011 U.S. Dist. LEXIS 11925, at *14-15 (S.D. Ohio Feb. 8, 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996)).

Relatedly, the ALJ concluded that Plaintiff "was also able to represent himself in a criminal court and such action requires the capacity to sustain attention and concentration for more than brief or minimal periods." PageID 626. Absent evidence of Plaintiff's trial transcript demonstrating these abilities, the undersigned remains unconvinced that Plaintiff's decision -- over the presiding judge's admonitions -- to appear *pro se* in a criminal trial demonstrates Plaintiff's mental stability, as the ALJ purported. *Id.;* PageID 694. The ALJ also cited Plaintiff's lack of discipline while in prison as inconsistent with Dr. Payne's suggested "moderate" to "marked" limitation in social functioning. PageID 626. Not only does this justification lack relevance to Plaintiff's ability to perform full-time work -- it is also based on a mischaracterization of the evidence. Indeed, while Plaintiff did testify that he was not cited for being involved in multiple fights while in prison, he also testified that he did receive a ticket for failing to show up to work. PageID 687. The ALJ was not at liberty to "pick and choose" only the evidence that supports his position. *Karger v. Comm'r of Soc. Sec.*, 414 Fed. Appx. 739, 749 (6th Cir. 2011).

These errors are more glaring when considering that a proper assessment of Dr. Payne's opinion under the factors of 20 C.F.R. § 416.927 would afford it substantial weight. First, Dr. Payne's opinion -- concluding that Plaintiff is subject to "moderate" to "marked" limitations -- is consistent with other medical opinions of record. 20 C.F.R. § 416.927(c)(3) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight [Social Security] will give to that medical opinion"). Plaintiff's treating psychiatrist, Rama Krishna Gollamudi, M.D., determined that Plaintiff would be unable to, *inter alia*, respond appropriately to supervision, co-workers and customary work pressures; withstand the pressure of meeting normal standards of work; sustain attention and concentration; behave in an emotionally stable manner; and get along with co-workers. PageID 587-91. Dr. Payne's opinion is also consistent with the opinion of the state agency's record reviewing psychologist, Mary Ann Jones, Ph.D.,[7] who similarly opined that Plaintiff is "markedly" impaired in his ability to relate to co-workers and supervisors to perform simple, repetitive tasks; "markedly" impaired in his ability to understand, remember and follow instructions; and "markedly" impaired in his ability to withstand the stress and pressures associated with day to day work activity. PageID 344-49.

Second, Dr. Payne's opinion is supported by his own medical explanations and objective observations. 20 C.F.R. § 416.927(c)(4) ("The more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight

---

[7] Though the ALJ refused to consider this opinion because it was issued before the application date, PageID 627, the undersigned notes that the Commissioner's own regulations state that, "[w]e will consider all evidence in your case record when we make a determination or decision whether you are disabled[,]" 20 C.F.R. § 416.920; and that, "[r]egardless of its source, we will evaluate *every* medical opinion we receive." 20 C.F.R. § 416.927(c) (emphasis added); *see also Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) (holding that the ALJ is required to consider all evidence -- including evidence predating an alleged onset date -- and must specifically "discuss 'the significantly probative evidence he [or she] rejects'"). Based upon the foregoing, "although [the physician] issued his [or her] opinion before the alleged onset date of disability, it is not necessarily irrelevant and may support Plaintiff's disability claim when considered in the context of the entire record." *Daniel v. Colvin*, No. 1:14–CV–775, 2015 WL 5530210, at *4 (S.D. Ohio Sept. 21, 2015).

9

[Social Security] will give that medical opinion"). Specifically, Dr. Payne documented that Plaintiff's "receptive language capabilities are in the below average range"; "he appeared to be rather sad[,] defeated[,]…resigned[,] and fearful of dying"; "his judgment may be adversely affected by his personality disorder"; and "he did not do well on [the memory assessment]." PageID 391-92. Because both the consistency and supportability factors weigh Dr. Payne's opinion favorably, the undersigned finds it entitled to -- at a minimum -- deferential weight.

Because the ALJ failed to apply the correct legal criteria to the opinion of Dr. Payne and such an error was not harmless, the undersigned finds the ALJ's non-disability finding unsupported by substantial evidence.

## V.

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or award benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994).

In this case, the ALJ's errors merit reversal for an immediate award of benefits because proof of disability is strong and opposing evidence lacks substance. As noted above, there are opinions from three mental health professionals -- all of which preclude work or are more restrictive than the ALJ's residual functional capacity ("RFC") finding -- and, together, they establish Plaintiff's entitlement to

benefits. *See* PageID 344-49; 389-95; 587-91. Further, the undersigned is disinclined to remand in light of the three administrative hearings Plaintiff has already received -- indicating that sufficient fact-finding has taken place -- and because it would further and unnecessarily delay this case filed over eleven years ago. PageID 1384. Accordingly, because no factual issues remain and the record demonstrates Plaintiff's entitlement to benefits, remand for an immediate award of benefits should occur. *Ellis v. Comm'r of Soc. Sec.*, No. 3:15-CV-137, 2016 WL 463359, at *2 (S.D. Ohio Feb. 8, 2016), *report and recommendation adopted*, No. 3:15-CV-137, 2016 WL 828144 (S.D. Ohio Feb. 26, 2016).

V.

**IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**; (2) this matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for an immediate award of benefits; and (3) this case be **CLOSED**.

Date: 6/19/2019                                       s/ Michael J. Newman
                                                                  Michael J. Newman
                                                                  United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).